**FILED**
**U.S. District Court**
**District of Kansas**
11/02/2026
**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JUSTIN FIELDS,**

**Petitioner,**

**v.** **CASE NO. 26-3355-JWL**

**DAN SCHNURR,**

**Respondent.**

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 brought by Petitioner and state prisoner Justin Fields, who is currently incarcerated at Hutchinson Correctional Facility in Hutchinson, Kansas. (Doc. 1.) When Petitioner filed his petition, he neither paid the filing fee nor moved for leave to proceed in forma pauperis. Thus, the Court issued a notice of deficiency ("NOD)" directing him to do so on or before October 26, 2026. (Doc. 2.) The NOD warned Petitioner that if he "fail[ed] to comply within the prescribed time, . . . this action may be dismissed without further notice for failure to comply with this court order." *Id.* at 1.

The October 26, 2026 deadline has now passed and Petitioner has neither paid the filing fee nor filed a motion for leave to proceed in forma pauperis. Federal Rule of Civil Procedure 41(b) allows the Court to dismiss an action "[i]f the plaintiff fails to prosecute or comply with these rules or a court order." Based on Petitioner's failure to comply with the Court's NOD, the Court will dismiss this matter without prejudice under Rule 41(b).

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order.

When the district court denies a habeas petition on procedural grounds without

> reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** under Rule 41(b). No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED: This 2nd day of November, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge